UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ACE ELDON WADE, JR., <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 3:12-cv-05953-BHS-KLS <br><br> REPORT AND RECOMMENDATION <br><br> Noted for August 15, 2014 |

Plaintiff has brought this matter for judicial review of defendant's denial of his application for disability insurance benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits should be reversed and this matter should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On December 10, 2007, plaintiff filed an application for disability insurance benefits, alleging disability as of October 28, 2003, due to neck and upper extremity impairments. See Administrative Record ("AR") 287-91, 320-28. Plaintiff's application was denied upon initial administrative review and on reconsideration. See AR 213-15, 217-21. A hearing was held

REPORT AND RECOMMENDATION - 1

before an administrative law judge ("ALJ") on April 14, 2010, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. See AR 115-82.  On July 2, 2010, the ALJ issued a partially favorable decision in which plaintiff was determined to be disabled from October 28, 2003, through August 1, 2006. See AR 185-204.

The Appeals Council, on its own motion, reviewed the ALJ's decision under 20 C.F. R. § 404.970(a)(2), due to an error of law.  See AR 205-08; see also AR 249-50.  On August 25, 2010, the Appeals Council issued a notice of action, finding that payment of benefits on plaintiff's claim was not permitted because the period of disability determined by the ALJ ended more than one year prior to the filing date of plaintiff's application for disability insurance benefits.  See AR 206.   The Appeals Council also found the ALJ failed to sufficiently address plaintiff's obesity as required by Social Security Ruling 02-1p and improperly assessed the medical opinion of examining physician John Mileu, M.D.  See AR 205-08.  The Appeals Council further determined it was necessary to obtain medical expert testimony regarding the nature and severity of plaintiff's physical impairments and to re-evaluate plaintiff's residual functional capacity ("RFC") and period(s) in which plaintiff was disabled, if any.  See AR 205-08.  On October 28, 2010, the Appeals Council issued an order vacating the hearing decision and remanding plaintiff's case to an ALJ for further proceedings.  AR 209-12.

A second hearing was held before the same ALJ on May 26, 2011, at which plaintiff, represented by counsel, appeared, and testimony was taken from a medical expert and a vocational expert. See AR 52-114.  On May 26, 2011, the ALJ issued an unfavorable decision in which plaintiff was again determined to be disabled from October 28, 2003, through August 1, 2006, but not after. See AR 29-51.   Plaintiff's request for review of the ALJ's decision was

REPORT AND RECOMMENDATION - 2

denied by the Appeals Council on September 5, 2012, making the ALJ's May 2011 decision defendant's final decision. See AR 1-5; see also 20 C.F.R. § 404.981.

On November 2, 2012, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision. See Dkt. No. 1. On August 2, 2013, this Court issued plaintiff an order to show cause regarding plaintiff's failure to serve the complaint in a timely manner. See Dkt. No. 7. Following service of the complaint, defendant requested, and was granted three motions for extension of time to file the answer. See Dkt. Nos. 11-19. The administrative record was filed with the Court on January 8, 2014. See Dkt. No. 22. Following filing of the administrative record, defendant was again granted an extension of time to file her responsive brief to pursue settlement options. See Dkt. No. 29. No settlement was reached. The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for payment of benefits, because the ALJ erred: (1) in evaluating the medical evidence in the record; (2) in discounting plaintiff's credibility; (3) in rejecting the lay witness evidence in the record; and (4) in determining plaintiff's residual functional capacity. See Dkt. No. 24. In contrast, defendant argues the ALJ's decision should be reversed and remanded to defendant for further proceedings because there are unresolved issues and the record does not require a finding of disability. See Dkt. 30. Specifically, defendant argues this case should be remanded for further consideration of plaintiff's hand and wrist limitations, headaches, credibility, and residual functional capacity. The undersigned agrees the ALJ erred in determining plaintiff to be not disabled, but, for the reasons set forth below, recommends that while defendant's decision should be reversed, this matter should be remanded for further administrative proceedings.

REPORT AND RECOMMENDATION - 3

DISCUSSION

The determination of the Commissioner of Social Security (the "Commissioner") that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Comm'r of the Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Sec'y of Health and Human Serv., 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by

REPORT AND RECOMMENDATION - 4

I.   The ALJ's Evaluation of the Medical Evidence in the Record

Plaintiff argues the ALJ erred in his assessment of the medical evidence related to his physical limitations. See Dkt. No. 24, pp. 10-14. This Court agrees. In 2010, the Appeals Council remanded plaintiff's claim to the ALJ to obtain medical expert ("ME") testimony to clarify the nature and severity of plaintiff's physical impairments, residual functional capacity, and the period(s), if any, during which claimant was disabled. AR 210-11. The testimony of medical expert ("ME") Charles Hancock, MD, obtained at plaintiff's second hearing, however, failed to address the nature and severity of all plaintiff's physical impairments. Furthermore, portions of Dr. Hancock's testimony are unreviewable due to inaudible portions of the hearing recording. Finally, the reasons offered by the ALJ to reject the 2011 medical opinion of plaintiff's treating physician David Whitaker, DO, that plaintiff could perform less than a full range of sedentary work activities, are not supported by substantial evidence. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1996). For these reasons, the ALJ's determination that plaintiff was not disabled under the Act is not supported by substantial evidence. See Hoffman, 785 F.2d at 1425.

   A. Headaches

The ALJ found plaintiff's headaches to be a medically determinable severe impairment. AR 36. However, Dr. Hancock testified he was not qualified to assess the limitations caused by plaintiff's headaches. See AR 77. "Where the ALJ has found a severe medically determinable impairment at step two of the sequential analysis, 'all medically determinable impairments must

---

substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 5

be considered in the remaining steps of the sequential analysis.'" Hill v. Astrue, 688 F.3d 1144, 1151 (9th Cir. 2012) (quoting Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citing 42 U.S.C. § 423(d)(2)(B)).  Although portions of the ME's testimony were inaudible, and therefore not transcribed, it appears the ME limited his testimony to the functional limitations caused by plaintiff's musculoskeletal impairments, and did not consider other impairments in reaching his opinion regarding plaintiff's functional capacity.  See AR 77.  For this reason, Dr. Hancock's testimony did not address the functional limitations, if any, caused by plaintiff's headaches.

This is significant because, as noted by defendant, the ALJ "has an independent 'duty to fully and fairly develop the record.'" Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) (quoting Brown v. Heckler, 713 F.2d 411, 443 (9th Cir. 1983) (per curiam))). The ALJ's "duty exists even when the claimant is represented by counsel." Brown, supra, 713 F.2d at 443 (citing Driggins v. Harris, 657 F.2d 187, 188 (8th Cir. 1981)).  This error is compounded because, as defendant concedes, the ALJ failed to fully consider the medical records of plaintiff's treating physician Ralph F. Carbone, DO, which, contrary to the ALJ's finding of medical improvement in 2006, suggest no improvement in plaintiff's headaches.  See AR 42, 646-56.

   B.  Upper extremity limitations

Additionally, the medical record supports that plaintiff's neck and wrist impairments may have caused functional limitations in both of plaintiff's upper extremities.  See e.g. 467-68, 514-17 (studies suggestive of right side cervical radiculitis/radiculopathy, bilateral median mononeuropathies at the wrist, and left side ulnar mononeuropathy ).  However, the testimony of Dr. Hancock is unreviewable as to the full extent of these limitations.  See AR 60-69, 84-89. For example, although the ALJ found plaintiff was limited to frequent bilateral handling and

REPORT AND RECOMMENDATION - 6


fingering, it is not clear that Dr. Hancock's testimony is consistent with this finding. See AR 40, 62, 68. Notably, Dr. Hancock testified plaintiff would be limited to occasional feeling on the left side. See AR 68. Also, although it appears Dr. Hancock testified plaintiff had no feeling limitations in the right upper extremity; portions of Dr. Hancock's testimony on this point were inaudible. See AR 68. For this reason, it is not clear whether Dr. Hancock qualified this opinion in any way. Additionally, during other portions of Dr. Hancock's testimony regarding plaintiff's functional loss in his upper extremities, it is not clear from the record which upper extremity Dr. Hancock was referring to. See AR 61-62.

The ambiguity in Dr. Hancock's testimony regarding plaintiff's upper extremity limitations is compounded by the ALJ's failure to address all relevant medical records. It is true that the ALJ "need not discuss *all* evidence presented" to him. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). Nonetheless, the ALJ must explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984). For example, the ALJ failed to acknowledge or weigh the medical opinion of plaintiff's treating physician Steven L. Posar, MD, who noted "a significant decrease in range of motion on the left wrist" and "somewhat decreased" grip strength of plaintiff's left hand. AR 472. This opinion is significant because the ALJ included no limitation related to plaintiff's loss of range of motion in the left wrist in the residual functional capacity ("RFC") finding. See AR 40. Dr. Posar's opinion is also significant because, consistent with Social Security Ruling ("SSR") 85-15, the vocational expert testified that even an occasional limitation in handling and fingering "would have a pretty limited labor market." AR 111; see also SSR 85-15, 1985 WL 56857* 7.

REPORT AND RECOMMENDATION - 7

C.  The medical opinion of treating physician David Whitaker, DO

Additionally, the ALJ's rational for rejecting the medical opinion of treating physician David Whitaker, DO, was not supported by substantial evidence. See Lester, 81 F.3d at 830-31. Dr. Whitaker opined plaintiff was limited to: walking one-half to one-hour in an eight-hour day; sitting for one-half an hour at a time for up to three to four hours in an eight-hour day; and lifting 10 pounds rarely and five-pounds occasionally with the left upper extremity. See AR 921-22. These limitations are significant because they represent a functional capacity that is significantly more restrictive than determined by the ALJ, and, if adopted may require a finding of disabled. See SSR 96-9p, 1996 WL 374185.

The ALJ rejected Dr. Whitaker's opinion because Dr. Whitaker began treating plaintiff "long after the date last insured", and because Dr. Whitaker's opinion was not probative as to plaintiff's functioning prior to the date last insured. AR 43-44. However, the record indicates Dr. Whitaker first treated plaintiff in April 2009, which is only four months after plaintiff's date last insured in December 2008. See AR 32, 876-80. Moreover, medical reports "containing observations made after the period for disability are relevant to assess the claimant's disability" during that period.[2] Smith v. Bowen, 849 F.2d 1222, 1225 (9th Cir. 1988); Kemp v. Weinberger, 522 F.2d 967, 969 (9th Cir. 1975). Because such reports "are inevitably rendered retrospectively," they "should not be disregarded solely on that basis." Smith, 849 F.2d at 1225 (citing Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985)). Dr. Whitaker started treating plaintiff in close proximity to plaintiff's late last insured. For this reason, the rationale offered

---

[2] However, claimants will be entitled to disability benefits only if they can "prove that the current disability has existed continuously since a date on or before the date that their insurance coverage lapsed." Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1462 (9th Cir. 1995).

REPORT AND RECOMMENDATION - 8

by the ALJ to reject Dr. Whitaker's opinion is not supported by substantial evidence in the record. See Hoffman, 785 F.2d at 1425.

II. The ALJ's Assessment of Plaintiff's Credibility and Evaluation of the Lay Witness Evidence in the Record

Plaintiff also argues the ALJ erred in his assessment of plaintiff's credibility as well as the credibility of plaintiff's mother, a lay witness. See Dkt. No. 24, pp. 17-20. Defendant concedes that plaintiff's credibility should be reassessed. Dkt. No. 30, p. 12. Questions of credibility are solely within the control of the ALJ. See Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. Allen, 749 F.2d at 580. However, this Court already has concluded the ALJ erred in reviewing the medical evidence, and a determination of a claimant's credibility relies in part on the assessment of the medical evidence. See 20 C.F.R. § 404.1529(c). Similarly, the evaluation of lay witness testimony also relies in part on an assessment of the medical evidence. See SSR 06-3p, 2006 WL 2329939*3. Therefore, plaintiff's credibility as well as the credibility of the lay witnesses should be assessed anew following remand of this matter.

III. This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

REPORT AND RECOMMENDATION - 9

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

Plaintiff argues this case should be remanded for payment of benefits because, among other reasons, the severity of his impairments meet or medically equal the severity of Listing 1.04 for disorders of the spine. Dkt. No. 24, pp. 3-10; see also 20 C.F. R. Part 404, Subpart P, Appendix 1 (the "Listings"). If any of the claimant's impairments meet or medically equal a listed impairment, he or she is deemed disabled. See 20 C.F.R. § 404.1520(d); Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). The burden of proof is on the claimant to establish he or she meets or equals any of the impairments in the Listings. See Tacket, 180 F.3d at 1098.

An impairment meets a listed impairment "only when it manifests the specific findings described in the set of medical criteria for that listed impairment." SSR 83-19, 1983 WL 31248 *2. An impairment, or combination of impairments, equals a listed impairment "only if the medical findings (defined as a set of symptoms, signs, and laboratory findings) are at least equivalent in severity to the set of medical findings for the listed impairment." Id.; see also Sullivan v. Zebley, 493 U.S. 521, 531 (1990) ("For a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is 'equivalent' to a listed

impairment, he must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment.") (emphasis in original).

Here, plaintiff has not demonstrated that his neck and/or other impairments manifest all of the specific findings described in the set of medical criteria for Listing 1.04.  See Listing 1.04.  Nor is there conclusive evidence in the record that plaintiff's impairments, singularly or in combination, medically equal the severity of a listed impairment.  As noted by the ALJ: "No treating, examining, or reviewing source of record has opined that any of the [plaintiff's] impairments are of listing-level severity."  AR 37.  Although plaintiff argues for a more favorable interpretation of the evidence, "[if] the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen, 749 F.2d at 579 (quoting Rhinehart, 438 F.2d at 921; accord Sorenson, 514 F.2dat 1119 n.10.

Similarly, the 2011 medical opinion of plaintiff's treating source Dr. Whitaker does not compel a finding of disabled under the Act.   This is because no vocational expert testimony was obtained regarding the impact of Dr. Whitaker's opined limitations on plaintiff's ability to perform other work that exists in the national economy.  This is also because Dr. Whitaker's opinion, relies, at least in part, on limitations caused by impairments, including low back pain, the ALJ found were not medically determinable.  See SSR 96-8p, 1996 WL 374184 *2 (in determining a claimant's RFC an ALJ may consider only limitations and restrictions attributable to medically determinable impairments).

Moreover, as addressed previously, the record regarding plaintiff's headaches and upper extremity limitations has not been fully developed in this claim.  Also, as defendant observes, there is conflicting evidence regarding plaintiff's limitations that must be reconciled and other unaddressed evidence that must be considered in the context of the longitudinal record.  For

REPORT AND RECOMMENDATION - 11

these reasons, this Court recommends that the ALJ's decision be reversed and remanded for further development of the administrative record regarding plaintiff's headaches and upper extremity limitations, re-evaluation of the medical opinion evidence Dr. Whitaker, re-evaluation of plaintiff's credibility, re-evaluation of the credibility of the lay witness and, as necessary, further development of the vocational record.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ improperly concluded plaintiff was not disabled.  Accordingly, the undersigned recommends as well that the Court reverse the ALJ's decision and remand this matter pursuant to sentence four of 42 U.S.C. § 405(g) to defendant for further administrative proceedings in accordance with the findings contained herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **August 15, 2014**, as noted in the caption.

DATED this 22nd day of July, 2014.

                                            Karen L. Strombom
                                            United States Magistrate Judge